U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

DEC 1 7 2014

CLERK, U.S. DISTRICT COURT
By _____
           Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

BILLY DALE WALKER,                    §
                                      §
         Plaintiff,                   §
                                      §
VS.                                   §   NO. 4:14-CV-731-A
                                      §
SHERIFF DEE ANDERSON, ET AL.,         §
                                      §
         Defendants.                  §

MEMORANDUM OPINION
and
ORDER

Now before the court for consideration is the amended
complaint filed in the above action by plaintiff, Billy Dale
Walker, naming as defendants Sheriff Dee Anderson ("Anderson"),[1]
Lt. Olds ("Olds"), Sgt. Neaves ("Neaves"), and Unknown P.A. or
Doctor.  The amended complaint identifies Olds and Neaves as
employees of the Tarrant County Jail, while the unknown doctor is
alleged to be part of the jail's medical department.  At the time
plaintiff filed the instant action, he was incarcerated at the
Tarrant County Jail.  However, the papers on file with the court
in this action show that plaintiff is now incarcerated in a

---

[1]The court is dismissing this action in its entirety for failure of plaintiff to allege any violation of
his constitutional rights.  However, the court notes that dismissal of Anderson would also be appropriate,
because plaintiff has sued Anderson only his supervisory capacity.  Supervisory officials cannot be liable
under § 1983 on any theory of vicarious liability, and nothing in the amended complaint alleges that
Anderson was personally involved in any purported violation of plaintiff's constitutional rights.  See, e.g.,
Mouille v. City of Live Oak, Tex., 977 F.2d 924, 929 (5th Cir. 1992).

facility with the Texas Department of Criminal Justice in Abilene, Texas.

I.

## Screening Under 28 U.S.C.§ 1915A

As a prisoner seeking redress from government officials, plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A.  See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998).  Section 1915A(b)(1) provides for sua sponte dismissal if the court finds that the complaint is either frivolous or fails to state a claim upon which relief may be granted.  A claim is frivolous if it "lacks an arguable basis in either fact or law."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  A complaint fails to state a claim upon which relief can be granted when, assuming that all the allegations in the complaint are true even if doubtful in fact, such allegations fail to raise a right to relief above the speculative level.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

In evaluating whether the complaint states a valid claim for relief, the court construes the allegations of the complaint favorably to the pleader.  Warth v. Seldin, 422 U.S. 490, 501 (1975).  However, the court does not accept conclusory allegations or unwarranted deductions of fact as true, and a plaintiff must provide more than labels and conclusions or a

formulaic recitation of the elements of a cause of action.
Twombly, 550 U.S. at 555; Tuchman v. DSC Commc'ns Corp., 14 F.3d
1061, 1067 (5th Cir. 1994).

Having now considered the allegations in the amended
complaint, the court concludes that it should be dismissed in its
entirety under the provisions of 28 U.S.C. § 1915A.

## II.

### Analysis

A.   Allegations of the Amended Complaint

In the amended complaint, plaintiff alleged that in late
2013 he and Olds were discussing a grievance plaintiff had filed.
Olds suddenly stated "Oh, so this is about getting moved," and
walked away. Am. Compl. at 4. Plaintiff was subsequently moved
to administrative segregation. Plaintiff was not told why he was
moved, he received no written notice of the move, and he received
no review of the transfer. When plaintiff returned to the jail
in 2014, he was again immediately placed in segregation.
Plaintiff alleged he was "being denied due process [and] medical
treatment." Id. Plaintiff is seeking punitive and compensatory
damages, as well as filing fees and court costs.

B.   No Due Process Violation

Plaintiff contends that his transfer to the administrative
segregation unit without notice violated his right to due

3

process.   To state a Due Process claim, plaintiff must first

identify a constitutionally protected liberty interest.   <u>Meachum</u>

<u>v. Fano</u>, 427 U.S. 215, 223-24 (1976).   A prisoner's liberty

interest is "generally limited to freedom from restraint which,

while not exceeding the sentence in such an unexpected manner as

to give rise to protection by the Due Process Clause of its own

force, . . . nonetheless imposes atypical and significant

hardship on the inmate in relation to the ordinary incidents of

prison life."   <u>Sandin v. Conner</u>, 515 U.S. 472, 484 (1995)

(citations omitted).

The Fifth Circuit has interpreted <u>Sandin</u> to hold that, in

general, a prisoner has no liberty interest in his custodial

classification.   <u>Hernandez v. Velasquez</u>, 522 F.3d 556, 562 (5th

Cir. 2008) (per curiam).   More specifically, the court has

"clearly held that absent extraordinary circumstances,

administrative segregation as such, being an incident to the

ordinary life as a prisoner, will never be a ground for a

constitutional claim."   <u>Id.</u> (internal quotation marks and

citations omitted).   <u>See also</u> <u>Huff v. Thaler</u>, 518 F. App'x 311,

311 (5th Cir. 2013)[2] (per curiam) (absent extraordinary

---

[2]The court recognizes that unpublished opinions are not binding authority.  Nevertheless, the
court finds the holdings and analysis of the unpublished cases cited herein instructive in the present
action.

4

circumstances, transfer of prisoner to administrative segregation without notice or hearing does not impose an atypical and significant hardship required to trigger the protections of the Due Process Clause); <u>Allums v. Phillips</u>, 444 F. App'x 840, 841 (5th Cir. 2011) (per curiam) (placing prisoner in administrative segregation was not deprivation of liberty interest and did not violate due process); <u>Pichardo v. Kinker</u>, 73 F.3d 612, 613 (5th Cir. 1996) (same).

The cited authorities, and others like them, are fatal to plaintiff's constitutional claim. Plaintiff had no liberty interest in his classification status. Hence, defendants did not violate any constitutional right by moving him to administrative segregation. Absent any protected liberty interest, plaintiff cannot show that such transfer violated his Due Process rights.[3]

C.   <u>Failure to Provide Medical Care</u>

The "unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." <u>Hudson v. McMillian</u>, 503 U.S. 1, 5 (1992) (ellipses in original)(internal citation and quotation marks omitted). The Supreme Court has determined that deliberate indifference to a

---

[3]To the extent plaintiff's Due Process claim is grounded on his contention that no reason was given for his transfer to administrative segregation, that claim is contradicted by plaintiff's own filings. In the papers attached to the original complaint, which are referred to and relied on in the amended complaint, it is apparent that plaintiff was moved to segregation in response to statements he made to other prisoners that prison officials interpreted as threats of physical violence.

prisoner's serious medical needs may constitute the "unnecessary and wanton infliction of pain" necessary to state an Eighth Amendment violation.  <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976). However, not every claim by a prisoner that he received inadequate medical care states a constitutional violation.  <u>Id.</u> at 104-105.

For a prison official's deliberate indifference to a prisoner's serious medical needs to rise to the level of a constitutional violation, a prisoner must establish that the official knew of and disregarded an excessive risk to a prisoner's health or safety.  <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994).  "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  <u>Id.</u> An official's "failure to alleviate a significant risk that he should have perceived but did not" does not constitute an Eighth Amendment violation.  <u>Id.</u> at 838.  Unsuccessful medical care, negligent treatment, or medical malpractice do not rise to the level of a constitutional tort.  <u>Gobert v. Caldwell</u>, 463 F.3d 339, 346 (5th Cir. 2006).  "Deliberate indifference is an extremely high standard to meet."  <u>Id.</u> (internal quotation marks and citation omitted).

The allegations of the amended complaint fail to meet this high standard.  The amended complaint states only that the unknown physician's assistant or doctor "denied plaintiff medical treatment." Am. Compl. at 3.  No facts are given to support this conclusory assertion.  Even if the court were to consider the original complaint, it provides only slightly more detail, contending that the medical staff refused to give plaintiff his prescription medication.  No additional facts are provided to support this single allegation, even, as far as the court can tell, in the voluminous papers attached to the original complaint.  Nor are facts alleged to show the defendants were aware of facts from which they could draw the inference that a substantial risk of serious harm to plaintiff existed, or that any officials drew such an inference.

To prevail on his claim also requires plaintiff to show that defendants' deliberate indifference resulted in substantial harm. Hernandez, 522 F.3d at 561.  However, no facts are alleged to indicate that plaintiff has suffered in any way from any perceived lack of medical care.  Under the circumstances described in the amended complaint, plaintiff failed to meet the "high standard" required to show defendants were deliberately indifferent to his medical needs.

III.

Order

Therefore,

The court ORDERS that all claims and causes of action asserted by plaintiff, Billy Dale Walker, against defendants, Anderson, Olds, Neaves, and Unknown P.A. or Doctor, in the above-captioned action be, and are hereby, dismissed pursuant to the authority of 28 U.S.C. 1915A(b).

SIGNED December 17, 2014.

_____
JOHN McBRYDE
United States District Judge

8